[Civ. No. B018861. Second Dist., Div. Five. July 30, 1986.]

PHYLLIS P., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CLAREMONT UNIFIED SCHOOL DISTRICT et al.,
Real Parties in Interest.

**COUNSEL**

John M. Polakovic and Robert W. Scott for Petitioner.

No appearance for Respondent.

Liebman & Reiner and Francis P. Licata for Real Parties in Interest.

**OPINION**

**ASHBY, J.**—Petitioner Phyllis P. seeks a writ of mandate directing the respondent court to reinstate her causes of action for negligent and intentional infliction of emotional distress, arising out of the sexual assault and rape of her daughter by a fellow student at the Sycamore School in Claremont.[1] We hold that the respondent court erred in sustaining real parties' (hereinafter defendants) demurrer without leave to amend, and accordingly direct the issuance of a peremptory writ of mandate.

---

[1]Petitioner also asserts four causes of action as guardian ad litem on behalf of her daughter. Those causes of action are not in issue here.

Petitioner is the mother of Ciera P., who at the time of the incidents giving rise to this case was eight years old. Petitioner alleges that from March to June 1984 Ciera was sexually molested a number of times by a 13-year-old male student named Dario R. The acts were committed en route to school and on school premises. On or about April 25, 1984, Ciera reported these incidents to her teacher (defendant Mary Mazmanian) as "playing games." Mazmanian consulted with the school psychologist (defendant Jean Album) and together they decided not to notify petitioner of the incidents. Ciera was "counseled" by the school psychologist, Album, but petitioner was not notified of the counseling. During the same period of time, the school principal (defendant Charles Freitas) learned of the incidents. He called Dario into his office and told him to stop, and that if he continued to "bother" Ciera his parents would be notified. Freitas also failed to notify petitioner of the incidents.

Petitioner theorizes that had she been informed of the earlier sexual assaults she could have taken precautionary measures to prevent the rape which ultimately occurred. As a result of defendants' failure to notify her of these assaults, she has suffered severe emotional distress, both because of the rape and because she has had to observe the "physiological and psychological deterioration of her daughter from a happy, well adjusted, above average student, to a morose, sullen, despondent and withdrawn, near failing student over a period of thirteen weeks."

Defendants, as persons standing in loco parentis to Ciera, are alleged to have breached a number of duties owed to petitioner, including the duty to properly supervise Dario both on the school grounds and en route to and from school, the duty to notify petitioner of the repeated sexual assaults, the duty to report such assaults to a child protective agency (which presumably would have notified petitioner), and the duty to obtain petitioner's written consent before placing Ciera "in a program of psychological treatment dealing with matters of a sensitive sexual nature." These various duties are alleged to have arisen under numerous provisions of the Education Code, the Penal Code, and case law *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166]; *Crane* v. *Smith* (1943) 23 Cal.2d 288 [144 P.2d 356].

These same duties have been alleged in the causes of action on behalf of Ciera, and defendants have not demurred to that portion of the second amended complaint. The issue here is the viability of petitioner's own causes of action for intentional and negligent infliction of emotional distress.

In *Johnson* v. *County of Los Angeles* (1983) 143 Cal.App.3d 298 [191 Cal.Rptr. 704], the court permitted recovery of damages for emotional

distress occasioned by the defendant's failure to act, where the defendant stood in a special relationship to the plaintiffs, making the plaintiffs the foreseeable victims of defendant's nonfeasance. In *Johnson* the wife and daughter of a decedent brought an action for his death against the County of Los Angeles and sheriff's officers employed by the county. The decedent had been arrested while driving on the wrong side of the freeway. Upon his arrest, the decedent informed sheriffs that he was attempting to commit suicide. Shortly thereafter, decedent's wife informed sheriffs that the decedent was a paranoid schizophrenic, had been repeatedly hospitalized, and required medication. The wife further informed sheriffs that her husband was suicidal and should not be released under any circumstances. Sheriffs acknowledged that the husband needed medical attention, promised his wife that he would be hospitalized and given medication, and told the wife not to worry or interfere. Three days later, sheriffs released the decedent without notifying his wife. Two days after that, the decedent committed suicide.

The court reversed an order sustaining plaintiffs' demurrer without leave to amend, holding that the defendants stood in a "special relationship" to plaintiffs, who were the "real and foreseeable" victims of the predictable tragedy caused by defendants' negligent conduct in failing to warn plaintiffs before releasing the decedent.

　We hold that such a special relationship exists here between defendants and petitioner, and defendants had a duty to notify petitioner upon learning of the first series of sexual assaults upon Ciera.

While Ciera attended school, her care was entrusted to defendants. Defendants stood in loco parentis and owed a duty of care not only to Ciera, but under the circumstances of this case, to Ciera's mother as well. When defendants first learned of the sexual assaults upon Ciera, they took it upon themselves to withhold that information from petitioner, then dealt with the perpetrator of the assaults with what amounted to a slap on the wrist. Petitioner alleges that had she been informed of these assaults, she would have taken precautionary measures to insure Ciera's safety from future attacks. Defendants did not properly supervise Dario and did not take the necessary steps to insure Ciera's safety, nor did they notify petitioner who could have taken such steps herself. When the later attack occurred, petitioner was taken completely by surprise when she was not only informed that her eight-year-old daughter had been raped but that she had been the victim of previous assaults about which defendants had not seen fit to inform petitioner. In *Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916 [167 Cal.Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518], the court determined that a defendant was liable for emotional distress injuries caused where, under all the circumstances of the case, the ordinary prudent person should

reasonably have foreseen such injury. In the present case, defendants engaged in a "cover-up" which they should have foreseen would cause petitioner more emotional distress than merely informing her of the incidents in the first place. Petitioner's emotional distress was compounded when she learned of the rape, which she felt could have been prevented, and when she thereafter witnessed the physical and emotional deterioration of her child.

Defendants incorrectly characterize petitioner's situation as one analogous to *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], and its progeny. In *Dillon*, a mother sought damages for emotional distress and physical injury which resulted when she saw defendant's vehicle strike and kill her young daughter. The defendant contended that he owed no duty to the mother because her claim for damages was based upon an injury to a third person. The court in *Dillon* permitted recovery, but, "[i]n order to limit the otherwise potentially infinite liability which would follow every negligent act, the law of torts holds defendant amenable only for injuries to others which to defendant at the time were reasonably foreseeable." (*Id.,* at p. 739.)

In the present case, defendants point to the fact that petitioner did not witness any of the assaults or the rape of Ciera and contend that under the guidelines set forth in *Dillon* petitioner's injury was not foreseeable.

The difference between this case and *Dillon* is that petitioner is asserting a cause of action as a direct victim of defendants' negligent act, or failure to act, and not for injuries based upon her direct observation of the injury to her daughter.

In *Molien* v. *Kaiser Foundation Hospitals, supra,* 27 Cal.3d 916, our Supreme Court, applying the foreseeability test of *Dillon,* permitted recovery by a plaintiff whose injuries for emotional distress were determined to be reasonably foreseeable, even though the defendants' negligent acts were directed at the plaintiff's wife.

While petitioner's second amended complaint is defective in that it fails to allege the existence of a special relationship, petitioner should be permitted to cure the defect by filing a third amended complaint.

Let a peremptory writ of mandate issue directing the respondent court to vacate that portion of its order of December 9, 1985, sustaining without leave to amend the demurrer of defendants to the fifth and sixth causes of

action of plaintiffs' second amended complaint, and enter a new and different order in accordance with the views expressed in this opinion.

Feinerman, P. J., and Hastings, J., concurred.