**NOT FOR PUBLICATION**

APR 18 2016

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL A. RAMIREZ, individually and as Guardian ad Litem for ENRIQUE RAMIREZ CANO,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>ESCONDIDO UNION SCHOOL DISTRICT, AKA Escondido Unified School District; et al.,<br><br>        Defendants - Appellants. | No. 14-55439<br><br>D.C. No. 3:11-cv-01823-DMS-BGS<br><br><br>MEMORANDUM* |
| MANUEL A. RAMIREZ, individually and as Guardian ad Litem for ENRIQUE RAMIREZ CANO,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>ESCONDIDO UNION SCHOOL DISTRICT, AKA Escondido Unified School District; et al.,<br><br>        Defendants - Appellees. | No. 14-55472<br><br>D.C. No. 3:11-cv-01823-DMS-BGS |

---

     \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted March 10, 2016
Pasadena, California

Before: MURPHY,[**] PAEZ, and NGUYEN, Circuit Judges.

Escondido Union School District and the individual Defendants appeal the district court's partial denial of their post-trial motions for judgment as a matter of law and for a new trial. On cross-appeal, Plaintiffs Manuel A. Ramirez and his minor son, Enrique C., challenge the district court's dismissal of their intentional infliction of emotional distress claim. We review the district court's post-trial rulings de novo, and will uphold a jury's verdict if supported by substantial evidence. *See A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 452-53 (9th Cir. 2013); *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227-28 (9th Cir. 2001). We affirm in part, reverse in part, and remand.

In December of 2010, staff at Farr Elementary School released Enrique to Alejandro Rodriguez Ramos after Enrique's mother called the school to authorize the release. Ramos then took Enrique to Mexico to live with his mother, who had

---

[**] The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

been deported. Enrique's father, Ramirez, sued Defendants for violating his substantive due process rights, negligence, and intentional infliction of emotional distress. The jury found in favor of Ramirez on all claims.

Defendants argue that the district court erred in denying qualified immunity as to Plaintiffs' 42 U.S.C. § 1983 claim. We agree. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A grant of qualified immunity is appropriate where either 1) the facts that a plaintiff has shown do not make out a violation of a constitutional right or 2) the right at issue was not clearly established at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Whether the law placed a state actor on reasonable notice that her conduct would violate the Constitution must be determined "in light of the specific context of the case, not as a broad general proposition." *Jones v. Cty. of Los Angeles*, 802 F.3d 990, 1004 (9th Cir. 2015).

We need not decide whether the evidence presented by Plaintiffs made out a constitutional violation because even assuming that it does, the right at issue was not clearly established at the time of Defendants' conduct. The district court relied

on *Burke v. County of Alameda*, 586 F.3d 725 (9th Cir. 2009) and *James v. Rowlands*, 606 F.3d 646 (9th Cir. 2010). Those cases, however, deal with limits on government officials' attempts to place minors in protective custody, a wholly different context from the one at bar. *Burke*, 586 F.3d at 731-32 (discussing the limits on government officials' ability to take custody of children in imminent danger); *James*, 606 F.3d at 654 (finding parent must be notified when officials encourage and facilitate the transfer of a minor's custody). Unlike in *Burke* and *James*, Defendants here did not purposefully execute a transfer of custody, which was in effect facilitated by the wrongful conduct of a third party. The school district's policy regarding emergency cards does not speak to the government-initiated transfer of custody between parents and thus is unrelated to the rights at issue in *Burke* and *James*. In light of the Supreme Court's direction "not to define clearly established law at a high level of generality," we hold that *Burke* and *James* did not place Defendants on notice that their actions violated Plaintiffs' constitutional rights. *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2084 (2011). We therefore conclude that qualified immunity bars Plaintiffs' constitutional claims and all damages resulting therefrom.

We recognize that the jury's differing damage awards were inconsistent because each compensated Plaintiff Ramirez for the same harm. However, the

4

district court determined that the $2 million damages award for negligence was supported by substantial evidence presented to the jury. *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1075 (9th Cir. 2005). Defendants do not challenge that finding on appeal, and have not requested a retrial on damages. *See Gallick v. Baltimore & O.R.R. Co.*, 372 U.S. 108, 119-20. Instead, Defendants argue, without any supporting authority, that they are entitled to the lower amount. Because we reverse as to Plaintiffs' § 1983 claim, Defendants' argument that they are entitled to the § 1983 damages award is moot.

We affirm the remainder of the district court's post-trial rulings. The jury's finding that Defendants were negligent is supported by substantial evidence. *See Phyllis P. v. Superior Court*, 183 Cal. App. 3d 1193 (1986). We cannot say that as a matter of law Defendants did not owe Ramirez a duty of care in light of the fact that Defendants were on notice that Enrique's mother had been removed to Mexico and Ramirez requested to be contacted about matters regarding Enrique. Further, the district court did not abuse its discretion by omitting a jury instruction on superceding, intervening cause since the jury found that the school's negligence proximately caused the tortious result. *See Kahn v. E. Side Union High Sch. Dist.*, 75 P.3d 30, 47 (2003) (holding that for an intervening act properly to be considered

a superseding cause, "the act must have produced harm of a kind and degree far beyond the risk that the original tortfeasor should have foreseen").

Finally, the district court properly dismissed Plaintiff Ramirez's intentional infliction of emotional distress claim because he only advanced a reckless disregard theory but failed to establish that he was present at the time of the misconduct. *See Christensen v. Superior Court*, 820 P.2d 181, 201-02 (Cal. 1991).

**AFFIRMED in part, REVERSED and REMANDED in part.**

Each side shall bear its own costs on appeal.